IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Tony Alexander Williams,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:22cv1108 (TSE/JFA) |
| | ) |
| Harold W. Clarke,<br>    Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Tony Alexander Williams ("Petitioner" or "Williams"), a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which challenges the validity of his October 24, 2019 convictions in the Circuit Court of the City of Suffolk, Virginia for statutory burglary, felony larceny with intent to sell, obtaining money by false pretenses (misdemeanor), grand larceny, and two counts of possession of a firearm by a violent felon. The Respondent filed a Rule 5 Answer and a Motion to Dismiss, with supporting briefs and exhibits [Dkt. Nos. 15-17] and Petitioner was advised of his right to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K) to the motion to dismiss [Dkt. No. 18], and he a filed response. [Dkt. No. 23]. Accordingly, this matter is now ripe for disposition. For the reasons that follow, the respondent's Motion to Dismiss must be granted and the petition will be dismissed with prejudice.

### I. Procedural History

Williams is detained pursuant to the October 24, 2019 judgment of the Circuit Court of the City of Suffolk. After a bench trial, Williams was found guilty of statutory burglary in violation of Virginia Code § 18.2-91; felony larceny with intent to sell in violation of Virginia Code § 18.2-108.01(A); grand larceny in in violation of Virginia Code § 18.2-95; obtaining money by false pretenses in violation of Virginia Code § 18.2-178 (misdemeanor); and two counts of possession of a firearm by a violent felon

in violation of Virginia Code § 18.2-308.2 (one offense occurred on March 5, 2019 and the other offense occurred on March 8, 2019). Commonwealth v. Williams, Case Nos. CR19000904-00through CR19000908-00, and CR19000992-00. Williams was sentenced to a total sentence of fifty-years and twelve months' incarceration, with sixteen years of that term suspended.

Williams, by counsel, appealed his convictions to the Court of Appeals of Virginia asserting the trial court erred in convicting him of "both counts of possession of a firearm by a convicted felon, as the evidence before the court was consistent with one continuous act of possession." Williams v. Commonwealth, Record No. 1779-19-1, at 6 ("CAV"). By order dated April 2, 2020, the court affirmed the trial court's finding that the evidence at trial established that Williams "possessed the handgun on two different occasions." (CAV at 48, 49). The evidence regarding possession of the firearms was summarized as follows:

> [O]n March 8, 2019, Suffolk police officers were looking for [Williams] in connection with outstanding felony warrants. At about 6:05 p.m., ..., Sergeant Lyons saw [Williams] walking on a street in Suffolk. [Williams] fled when he saw the police car, and Lyons saw him throw a black handgun on the ground as he ran. As Lyons pursued [Williams], he told other officers to secure the handgun. Officers Nesbit and Mills found the handgun on the ground and stood by it until Investigator Craun recovered the weapon, a Hi-point .45 caliber with "scrapings on the slide." Other officers apprehended [Williams].
>
> [Williams] called a woman from the jail, and asked her to find his cell phone before the police found it. Investigator Craun found it on March 9, 2019, about twenty feet from where he recovered the firearm. Craun obtained a search warrant for the phone and then gave it to Special Agent Dillow of the Virginia State Police to examine. Dillow obtained videos and photographs from the phone. One video showed [Williams] and another man while riding in a car at 5:49 p.m. on March 8, 2019, which was eighteen minutes before [Williams] was arrested. Photographs extracted from another video showed [Williams] holding a firearm in his right hand that "looked very similar" to the handgun that Craun had recovered, as it had the same distinctive markings on the slide. The metadata from [Williams'] phone show the images were created on March5, 2019, at a residence where members of [Williams'] family and close friends stayed....

(CAV at 48). In addition, the burglary victim's residence was within walking distance of Williams residence, and an Xbox and a gold watch were among the items stolen. While at a GameStop store that

2

same day, the victim was identified the Xbox (by its serial number) and a photograph of a gold watch that had come in at the store that same day. (Tr. at 122-23, 148-51, 160-68).[1]

Williams, by counsel, filed a petition for appeal in the Supreme Court of Virginia raising the same assertion of error. Williams v. Commonwealth, Record No. 200579 ("VSCT"). The court refused the petition for appeal on April 2, 2021.

On or around June 7, 2021, Williams, proceeding pro se, filed a petition for writ of habeas in the Circuit Court of the City of Suffolk alleging his trial counsel was ineffective.

1) Counsel refused to request a psychiatric examination/report.

2) Counsel refused to investigate and present character witnesses.

3) Counsel refuse[d] to provide this Petition[er] a copy of his Motion of Discovery or Pre-Sentence report, which this petitioner requested on a number of occasions. Until after this petitioner was sentenced.

4) Counsel refuse[d] to allow this petitioner to assist in his own defense.

5) Counsel refuse[d] to file a Motion for Suppression to suppress the evidence in which the State would present at trial. This evidence would have exonerated this petitioner.

6) Counsel refuse[d] to discuss any kind of defense or trial strategy with this petitioner.

7) Communication between Counsel and this petitioner became very strained once this petitioner informed him that he wanted to accept the (7-8 years) Plea Agreement, which the Commonwealth Attorney was offering.

8) Counsel coerce[d] this petitioner and his wife [Nicole Porter-Williams] into going to trial.

9) Counsel refuse[d] to request a jury on this petitioner's behalf.

10) Counsel coerced ... petitioner into going before the judge for trial.

11) Counsel told ... petitioner and his wife that the State didn't have enough evidence to find him guilty and that he could get all of this petitioner's charges dismissed at trial.

12) Counsel told ... petitioner and his wife that if he did lose at trial, his guidelines would be only (11) years maximum.

---

[1] Williams did not challenge the sufficiency of the evidence with respect to his convictions for statutory burglary, felony larceny with intent to sell, obtaining money by false pretenses (misdemeanor), and grand larceny. (CAV at 47 n.1).

13) ...[P]etitioner requested that [the circuit court] replace his Counsel because Counsel was not acting as his advocate, nor was there any kind of attorney/client relationship from the on-set.

14) Counsel refuse[d] to present any evidence/defense on ... petitioner's behalf during the trial.

15) Once ... petitioner was found guilty, Counsel told ... petitioner and his wife that he didn't know what happened.

16) Counsel told ... petitioner and his wife that he was sure that his conviction and sentence would be overturned on Appeal.

17) ...[P]etitioner was subsequently sentenced to a total of (35) years.

18) After sentencing, Counsel informed ... petitioner that he would file his Notices of Appeal on his behalf, which was the end of his representation of him.

19) ...[P]etitioner and his wife, was totally confused and in shock at the sentence in which the judge/court impose[d]. Because that wasn't what Counsel told/promised them.

20) Counsel had a conversation with this petitioner's wife after his sentence in the court hallway, and when she asked him what happen[ed], he stated that he didn't know. Counsel also told this petitioner's wife [Nicole Porter-Williams] that because of the time that this petitioner just received, he advised her to file for an annulment/divorce since they had been married less than a year. Which he said, it should be granted under the circumstances.

21) ...[P]etitioner wanted to take the 7-8 years Plea that the Commonwealth offer[ed] him, and he expressed this to Counsel on a number of occasions.

22) There's no way ... petitioner would have gone to trial under any circumstances if Counsel would have informed him that he was facing (35) years if he would have lost the trial.

Williams v. Commonwealth, Case No. CL21-1395 (Hab. at 94-95). Williams also claimed the trial court violated the Fifth Amendment prohibition against double jeopardy, as well as Williams' right to Due Process, when the trial court convicted him for possessing a firearm while a felon on March 5, 2019, and again, for possessing the same firearm on March 8, 2019. (Hab. at 95-96). On September 14, 2021, the circuit court denied and dismissed Williams' habeas petition.

Williams, proceeding pro se, filed a petition for appeal in the Supreme Court of Virginia on October 14, 2021. Williams v. Commonwealth, Record No. 211115 (VSCT at 1-23). In his petition, Williams claimed that "his detention was unlawful" because "trial counsel was ineffective for refusing

4

to request a psychiatric examination/report" and "for coercing [Williams] into going to trial instead of accepting the 7-8-year plea agreement that the petitioner wanted." (Id. at 2-3). On May 10, 2022, the court found no reversible error and refused the petition for appeal. (Id. at 31). The court denied Williams' petition for rehearing on June 30, 2022. (Id. at 35).

## II. Federal Petition

On or about September 21, 2022, Williams filed a pro se federal habeas corpus petition, pursuant to 28 U.S.C. § 2254, containing the following claims:

I. The trial court abused its discretion "when Petitioner was sentenced in excess of the statutory maximum for possession of a firearm by a convicted felon."

II. Petitioner's "[s]entence exceeds the statutory maximum for petit larceny" and his counsel was ineffective by failing to request a resentencing while on direct appeal.

III. Counsel was ineffective by "failing to request [an] evidentiary hearing regarding the market value of the video games[] and other unverified items."

[Dkt. No. 1 at 5, 6, 8].

## III. Exhaustion and Default

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). In order to meet the exhaustion requirement, a petitioner "must have presented to the state court 'both the operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)).

A petitioner must present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state court "a meaningful opportunity to consider allegations of legal error." Vasquez v. Hillery, 474 U.S. 254, 257 (1986). A state prisoner does not "fairly present" a claim

for exhaustion purposes when the claim is raised in "a procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351 (1989).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). However, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162); see also Bassett v. Thompson, 915 F.2d 932, 936-37 (4th Cir.1990) (an unexhausted claim, which would be held defaulted if the petitioner were to return to state court, is deemed simultaneously exhausted and defaulted for purposes of federal habeas review).

The records of Williams' trial and appeal establish that he has not exhausted the claims in his federal habeas petition, which renders his claims simultaneously exhausted and defaulted because all three federal claims would be procedurally barred under state law if he returned to state court to exhaust them. See Baker, 220 F.3d at 288 ("A claim that has not been presented to the highest state court nevertheless maybe treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court.").[2]

---

[2] If Williams returned to state court and attempted to present his claims to the Supreme Court of Virginia in a new state petition, his claims would be deemed untimely pursuant to Virginia Code § 8.01-654(A)(2); Claim 1 would be deemed defaulted pursuant to the rule of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974); and Claims 2 and 3 would be found barred as successive under Virginia Code § 8.01-654(B)(2). Virginia Code § 8.01-654(A)(2) is an adequate and independent bar that precludes federal review of a claim. See Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 588 (E.D. Va. 2006); The Fourth Circuit has recognized that the procedural default rule set forth in Slayton and § 8.01-654(B0(2) are both adequate and independent state law grounds for decision that bars federal review of the merits of a claim. Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998) (quoting Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997)); Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000) (holding Virginia's limitations period and bar against successive petitions independent and adequate state grounds); see also Gray v. Netherland, 518 U.S. 152, 162 (1996) (holding that a claim barred by Va. Code § 8.01-654(B)(2) was "not cognizable in a federal suit for the writ").

Federal courts may not review defaulted claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). A court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Williams has not established cause to excuse his default, and the record does not reveal any. Indeed, Williams' "pro se status and [his] corresponding lack of awareness and training on legal issues do not constitute adequate cause for [his] failure to raise these new claims in [a] previous habeas petition." Rodriguez v. Maynard, 948 F.2d 684, 688 (10th Cir. 1991).

The "fundamental miscarriage of justice" exception applies where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway pleas," however, "are rare." Id. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

"To be credible, such a claim requires petitioner to support his allegations of constitutional error with *new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

7

accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324 (emphasis added). Assessment of a claim of actual innocence by a federal habeas court, however, "is not limited to such evidence." House, 547 U.S. at 537.[3] Instead, "the habeas court must consider 'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" Id. at 538 (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" Id. (citation omitted). The actual innocence standard is "demanding and permits review only in the 'extraordinary' case." Id. (citation omitted). Williams claims are not premised upon new evidence, and the summary of the trial evidence, supra at 2-3, establishes no miscarriage of justice has occurred.

A. Claim 1

In Claim 1, Williams alleges that the trial court abused its discretion by sentencing him in excess of the statutory maximum for possession of a firearm by a convicted felon (Va. Code § 18.2-308.2). Williams admits this is a "new claim" [Dkt. No. 1 at 5], but argues his sentence is void ab initio, and could be raised anytime in state court. His claim has no merit. Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009) (only "a sentence imposed in violation of a prescribed statutory range of punishment is void ab initio because 'the character of the judgment was not such as the [C]ourt had the power to render.'") (citation omitted). Virginia Code § 18.2-308.2(A) penalizes the knowing and intentional possession of a firearm by a convicted felon as a Class 6 felony. In Virginia, a Class 6 felony carries a maximum term of imprisonment of five years. Va. Code. § 18.2-10. "However, any person who violates [Va. Code§ 18.2-308.2] by ... possessing or transporting any firearm and who was previously convicted of a violent felony as defined in [Va. Code] § 17.2-805 shall be sentenced to a mandatory

---

[3] In Calderon v. Thompson, 523 U.S. 538 (1998), the Court held that "[t]he miscarriage of justice exception is concerned with actual as compared to legal innocence," and "[t]o be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." 523 U.S. at 559 (citations and internal quotation marks omitted).

minimum term of imprisonment of five years." Va. Code § 18.2-308.2(A) (emphasis added).[4] The trial court convicted Williams of two counts of possessing a firearm as a violent felon. Williams committed the first offense on March 5, 2019, and the second offense on March 8, 2019, and the sentence imposed was within the range set by the legislature. The sentences for the firearm offenses were not void ab initio and the trial court did not abuse its discretion. Alston v. Commonwealth, 274 Va. 759, 771-72, 652 S.E.2d 456, 463 (2007) ("[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the" circuit court did not abuse its discretion).

Further, "[t]he law of this circuit is clear that, generally, a sentence imposed by a state court which does not exceed the statutory maximum is not reviewable in a federal habeas corpus proceeding." Ledford v. Hinton, 563 F. Supp. 785, 786-87 (W.D.N.C. 1983) (citing Stevens v. Warden, 382 F.2d 429, 433 (4th Cir. 1967)); Wright v. Maryland Penitentiary, State of Maryland, 429 F.2d 1101, 1103 (4th Cir. 1970) (same); see White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.").[5] Claim 1 is defaulted and without merit, and will be dismissed.

*B. Claims 2 and 3*

Claims 2 and 3 are related because Williams alleges his counsel was ineffective for not the arguing on appeal that the value of the items stolen did not exceed $500 and Williams was therefore only guilty of a misdemeanor and not a felony, and that counsel was ineffective for not requesting a resentencing on direct appeal (Claim 2); and an evidentiary hearing on the value of the items stolen

---

[4] Section 17-805 provides, in relevant part that "[f]or purposes of this chapter, violent felony offenses shall include any felony violation of ... § 18.2-91." Williams had previous convictions for violating § 18.2-91 in 2007 in the Norfolk Circuit Court (9 counts, CR06001560-02, 04-11). (CCT at 229-33) (8/1/19 Tr. at 208-09).

[5] The United States Supreme Court in Harmelin v. Michigan, 501 U.S. 957 (1991), upheld a life sentence without the possibility of parole for a defendant convicted of possessing 672 grams of cocaine, even without the consideration of mitigating factors, stating that "[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense." Id. at 994.

(Claim 3). Williams asserts Claim 2 was raised on direct appeal [Dkt. No. 1 at 7], but he confuses a substantive sufficiency of the evidence argument for the possession of a firearm convictions and an unrelated claim of ineffective assistance of counsel. Williams asserts the same frivolous exhaustion argument for Claim 3, that it was raised on direct appeal, citing his sufficiency argument about the possession of a firearm convictions. [Dkt. No. 1 at 8]. Claims 2 and 3 were not exhausted and are therefore defaulted because if Williams attempted to raise them now in state court they would be barred by the state habeas statute of limitations, Virginia Code §8.01-654(A)(2), and by the bar to successive habeas petitions, Virginia Code §8.01-654(B)(2). Each of these state defaults is an independent and adequate state ground precluding federal review. See Mackall v. Angelone, 131 F.3d 442, 445-46 (4th Cir. 1997) (Code § 8.01-654(B)(2) is an adequate and independent bar); Sparrow, 439 F. Supp. 2d at 587-88 (E.D. Va. 2006) (Code§ 8.01-654(A)(2) is an adequate and independent bar).

C. *Martinez v. Ryan*, 566 US. 1 (2012)

Although Williams does not raise this argument, a petitioner may excuse a procedural default under the exception found in Martinez v. Ryan. 566 U.S. 1 (2012). "The precise question," in Martinez was "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." Id. at 9. Therefore, the exception only applies when a petitioner alleges that the inadequate assistance of counsel at the initial-review collateral proceeding provides cause for procedural default regarding claims of ineffective assistance of trial counsel. See Atkins v. Holloway, 792 F.3d 654, 661 (6th Cir. 2015) (citations omitted); Johnson v. Warden of Broad River Corr. Inst., No. 12-7270, 2013 U.S. App. LEXIS 4740, (4th Cir. Mar. 8, 2013) (citing Martinez, 566 U.S. at 16).

To establish ineffective assistance, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by the alleged deficient performance.

10

Strickland v. Washington, 466 U.S. 668, 669 (1984). Courts apply a strong presumption that counsel's performance, especially regarding trial management and strategy, was within the range of reasonable professional assistance. Id. at 689. To demonstrate prejudice, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. Williams' defaulted ineffective assistance of counsel claims are not substantial.

Martinez, however, is inapplicable to claims of ineffective assistance of appellate counsel. See Davila v. Davis, 137 S. Ct. 2058, 2063 (2017) (declining to extend the holding of Martinez to defaulted claims of ineffective assistance of appellate counsel); Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012) ("Martinez applies only to 'a prisoner's procedural default of a claim of ineffective assistance at trial,' not to claims of deficient performance by appellate counsel") (quoting Martinez, 566 U.S. at 8)); Gaither v. Zook, No. 3:16cv64, 2017 U.S. Dist. LEXIS 20596, *9-10 (E.D. Va. Jan. 18, 2017) ("The majority of federal circuit courts have found that the explicit language of Martinez apples to a prisoner's default of a claim of ineffective assistance of trial counsel only") (citing decisions from the Fifth, Sixth, Eighth, Tenth, Eleventh); see, e.g., Moseley v. Clarke, 3:19cv40, 2019 U.S. Dist. LEXIS 152405, *33 (E.D. Va. Sept. 5, 2019) ("To the extent that Moseley faults appellate counsel for the default of his claim, the explicit language of Martinez applies to an inmate's default of a claim of ineffective assistance of trial counsel only .... Thus, the ineffective assistance of appellate counsel fails to serve as the cause for the default of this claim") (citation omitted), appealed dismissed, 791 F. App'x 428 (4th Cir.), cert. denied, 141 S. Ct. 301 (2020). Consequently, Martinez does not provide cause to excuse Williams' default of Claim 2.

With regard to Claim 3, Williams claim that trial counsel was ineffective "for failing to request [an] evidentiary hearing regarding the market value of the video games" he stole, the claim has no merit. On February 12, 2019, the date of Williams' larceny offenses, the threshold for felony larceny in

11

Virginia was $500.[6] Williams asserts, in a conclusory manner, that had trial counsel requested an evidentiary hearing regarding the value of the seven stolen video games, as well the watches and belts that he stole, "there would be a reasonable probability" that he would have "been convicted and sentenced for misdemeanor larceny." [Dkt. No. 2 at 10]. The record establishes Williams' argument is frivolous.

At trial, the purchasers and owners of the stolen items testified as to the value of the items stolen. The first witness testified that, on the date of the theft, the seven stolen video games were valued a total of $339.97. (Tr. 08/01/19 at 136-37). The second witness testified that the four watches stolen were valued at a total of $795. (Tr. 08/01/19 at 145-47). The same witness testified that the two belts had a total value of $190. (Tr. 08/01/19 at 147). Each witness was subject to cross-examination by trial counsel. (Tr. 08/01/19 at 138-42, 152-54). Notably, including the $227.85 value of the Xbox, which Williams concedes [Dkt. No. 2 at 9-10], the total value of the goods stolen was $1,552.82—more than three times the $500 threshold required to sustain a felony conviction. Williams has failed to produce any evidence, much less an adequate proffer, that the value of the items he stole was less than $500. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (dismissing claims of ineffective assistance of counsel where petitioner failed to make a specific proffer of the testimony of the omitted witness); Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) ("[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, 'a habeas court cannot even begin to apply Strickland's standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiency in counsel's performance.'") (quoting United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir.

---

[6] The Virginia General Assembly raised the threshold for a felony from $200 to $500, effective July 1, 2018. See 2018 Va. Acts. c. 764; see also 2020 Va. Acts c. 401 (raising the threshold from $500 to $1,000 effective July 1, 2020).

12

1991)). Williams has failed to state a claim of ineffective assistance of counsel under Strickland, and Claim 3 will be dismissed.

## V. Conclusion

For the foregoing reasons, the motion to dismiss [Dkt. No. 15] the petition must be granted, and the petition must be dismissed with prejudice. An appropriate Order shall issue.[7]

Entered this 28th day of March, 2023.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.

13